**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Niles Scott, | : | Case No. 1:08 CV 02445 |
| Petitioner, | : | |
| v. | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Tim Brunsman, Warden, | : | |
| Respondent. | : | |

This case, filed pursuant to 28 U.S.C. § 2254[1], was referred to the undersigned Magistrate pursuant to Local Rule 72.2[2]. Pending are Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1), Respondent's Return (Docket No. 8) and Petitioner's Traverse (Docket No. 12). For the reasons that follow, the Magistrate recommends that the Court deny Petitioner's Petition for Writ of Habeas Corpus.

---

[1]
 The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
 28 U.S.C.A. § 2254 (Thomson/West 2007).

[2]
 **Rule 72.2 Assignment and Referral of Matters to Magistrate Judges**
 **(a) General.** The method for assignment of duties to a Magistrate Judge and for the allocation of duties among the several Magistrate Judges of this Court shall be made in accordance with orders of the Court or by special designation of a District Judge.

## I. JURISDICTION

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the grounds that he or she is in custody in violation of the Constitution or laws or treaties of the United States. *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254 (Thomson/West 2002))

Petitioner satisfies both prongs of the requirements for habeas jurisdiction. He was convicted in the Cuyahoga County Court of Common Pleas and he is incarcerated at the Lebanon Correctional Institution in Lebanon, Ohio, as a result of his conviction. Petitioner is in custody for purposes of habeas jurisdiction.

Petitioner alleges that he has been deprived of rights guaranteed him under the Sixth and Fourteenth Amendments. Such claims, if true, are phrased sufficiently to allege a denial of violation of the Constitution or laws or treaties of the United States.

The Magistrate finds that this Court has subject matter jurisdiction to consider Petitioner's Section 2254 Petition.

## II. FACTUAL BACKGROUND

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), in a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment in state court, the factual findings made by a state court in the direct appeal are presumed to be correct. *Keith v. Mitchell*, 455 F. 3d 662, 666 (6th Cir. 2006) (*citing* 28 U. S. C. § 2254 (e) (1) (2006)).

The Court of Appeals for the Eighth District, Cuyahoga County, Ohio, found that the circumstances of the crimes are as follows:

{¶ 3} The alleged victim in this case was Scott's niece, whom he raised like a daughter from the time she was seven months old. Scott, his wife, three sons, and the victim lived in a house in East

Cleveland.  At the time the incidents occurred, the victim was between the ages of ten and twelve.

{¶ 4} The first incident occurred when the victim had stayed home from school because she was sick. The victim testified that Scott entered the bedroom, told her to take off her clothes, get on her hands and knees at the side of the bed and arch like a cat; after putting a Vaseline-type ointment on his penis, he forced himself into her anus.  The victim testified that "he shoved himself inside of me" and that "it hurt really bad."  She testified that she tried to move away but that Scott would not let her go and pulled her closer toward him.

{¶ 5} After the incident, Scott told the victim not to tell anyone because it would break up the family, and that he would go away for a long time.  She testified that she did not tell anyone because she was afraid.

{¶ 6} The victim testified that it happened approximately four or five times, each one similar to the first, except one time when Scott made her get on top of him facing away from him.  She testified that Scott would use Vaseline each time, that it would hurt really bad, and that when she would complain, Scott would not respond or stop.  She testified that it was painful and she would bleed afterwards.

{¶ 7} Scott's wife moved to Florida.  The victim and one of her brothers moved to Florida shortly thereafter.  After an incident when Scott's wife caught the victim stealing from her, the victim revealed the abuse to Scott's wife in a letter.  Scott's wife bought a recording device at Radio Shack, and when Scott called the victim, Scott's wife recorded the conversation.  During the conversation, the victim tried to get Scott to admit what he had done to her.  The victim told Scott that she was bleeding and she wanted to go live with her biological mother.  Scott told her that the bleeding could not be because of what happened between her and him because it would have happened right away.  Scott also told her that she could not tell anyone and that he would come to Florida to take her to the doctor.

{¶ 8} Scott's wife confronted him about the conversation, and he eventually admitted to her what he had done and promised to seek help.  Scott's wife did not report the crime to the police until several months later, when she realized that he was not seeking help.

{¶ 9} When Scott was arrested by the East Cleveland Police Department, he denied any wrongdoing.  He did, however, claim that he did punish the victim by placing her at the end of the bed and rubbing his pelvic area against hers to make her feel degraded so she would not "turn out" like her biological mother.  While Scott was released on bond, he fled to Belize in Central America.  Eventually he was apprehended and returned to Cuyahoga County to face the charges against him.

*State v. Scott*, 2009 WL 1290196, *1 -2 (2007).

### III.  PROCEDURAL BACKGROUND

**I.  INDICTMENT**

During the September 2005 term, the jurors of the grand jury of the State of Ohio, Cuyahoga County, indicted Petitioner on four counts of rape of a minor, as defined in OHIO REV. CODE § 2907.02 (A)(1)(b); and four counts of kidnaping pursuant to OHIO REV. CODE § 2905.01(A)(4), with a sexual motivation specification as defined in OHIO REV. CODE § 2941.147 (Docket No. 9, Exhibit 1).

2. **CONVICTION AND SENTENCING.**

On January 17, 2006, the jury returned a verdict of guilty of rape and kidnaping with sexual motivation specifications as charged in the indictment. For purposes of sentencing, Count five was merged with Count one, Count six was merged into Count two, Count seven was merged into Count three and Count eight was merged into Count four. The Court sentenced Petitioner to life on all four counts, to run consecutively to each other to equal four life sentences. Petitioner was adjudicated a sexual predator (Docket No. 9, Exhibits 4 & 17, p. 260/263, Trial Transcript, Vol. V, pp. 691-696).

3. **APPELLATE REVIEW**

Petitioner filed a merit brief in the Court of Appeals for the Eighth Appellate District on September 27, 2006[3] (Docket No. 9, Exhibit 5). The Court of Appeals affirmed the judgment of the trial court on May 14, 2007 (Docket No. 9, Exhibit 7). Petitioner filed a motion for reconsideration on May 21, 2007 (Docket No. 9, Exhibit 8). The motion was denied on May 22, 2007 (Docket No. 9, Exhibit 9).

4. **MOTIONS FOR POST CONVICTION RELIEF.**

A. Petitioner filed a motion to vacate or set aside judgment of sentence in the court of common pleas on May 21, 2007[4] (Docket No. 9, Exhibit 10). The court of common pleas granted the State of Ohio's motion to dismiss Petitioner's motion to vacate or set aside judgment on August 31, 2007 (Docket

---

[3] Petitioner presented five assignments of error. First, the verdicts of guilt on the charges of rape and kidnaping were against the manifest weight of the evidence. Second, the verdicts of guilt on the charges of rape and kidnaping were not supported by sufficient evidence. Third, trial counsel was ineffective for failing to object when the rape and kidnaping counts were not merged and as to the qualification of Nurse Yaver as an expert witness. Four, the trial court committed plain error when it failed to merge the kidnaping and rape convictions. Fifth, the trial court erred in finding Petitioner a sexual predator (Docket No. 9, Exhibit 5).

[4] Petitioner's claims are categorized as follows. First, the Miranda warning was not administered to Petitioner at the time of his arrest. Second, Petitioner's trial counsel was ineffective as he failed to move to suppress the taped recording, subpoena witnesses, interview witnesses, investigate the facts and/or seek discovery. Third, Petitioner was prejudiced by the massive media coverage of his case. Fourth, the prosecutor engaged in improper conduct. Fifth, the audio taped conversation was improperly made. Sixth, the indictment was "unqualified." Seventh, the court erred in admitting evidence barred under the rape shield laws. Eighth, Petitioner was deprived of counsel during the suppression hearing.

No. 9, Exhibit 12).

  B. Petitioner filed a motion for delayed appeal[5] in the Ohio Supreme Court on November 12, 2007 (Docket No. 9, Exhibit 13).  The motion was denied on December 26, 2007 (Docket No. 9, Exhibit 14).

  C. Petitioner filed a motion for new trial on January 16, 2008, in the court of common pleas[6] (Docket No. 9, Exhibit 15).  The court of common pleas denied the motion on January 25, 2008[7] (Docket No. 9, Exhibit 16).

## IV.  PETITIONER'S REQUEST FOR HEARING

Evidentiary hearings in federal habeas corpus cases are intended to ensure that the petitioner has a full and fair opportunity to develop the factual bases of his or her constitutional claims.  *Hillman v. Warden, Chillecothe Correctional Institutions*, 2009 WL 3126606, *8 (S. D. Ohio 2009).  Evidentiary hearings are not granted as a matter of course in federal habeas corpus.  *Id.*  In determining whether an evidentiary hearing should be held, the relevant inquiry is whether a hearing would be meaningful in enabling the petitioner to advance his or her claim.  *Id.* at 8-9 (*citing Campbell v. Vaughn*, 209 F. 3d 280, 287 (3rd Cir. 2000); *Braden v. Bagley,* 2009 WL 922363 (S. D. Ohio 2009)).

Upon review of the pleadings, the Magistrate concludes that an evidentiary hearing will not be required to resolve any of Petitioner's claims.  A determination as to whether Petitioner was afforded a

---

[5] Petitioner claimed that he was "totally unaware" of his right to appeal to the Ohio Supreme Court and his counsel never told him of those rights.

[6] Petitioner alleged that trial counsel was ineffective as he failed to file a motion in limine "to show the medical records of the victims in the above case, with these records, the evidence submitted to the jury would have been fruitless and there would have been no conviction in this case."

[7] The motion for new trial was denied as not timely filed.

5

fair and full hearing can be made from the transcripts. No additional factual inquiry is required to address the procedural issues presented. Therefore, Petitioner's request for an evidentiary hearing is denied.

## V. HABEAS CORPUS STANDARD OF REVIEW

In determining whether to issue a habeas writ, the standards set forth in the AEDPA govern the district court's review of a state court decision. *French v. Jones,* 332 F.3d 430, 435-436 (6th Cir. 2003), *cert. denied,* 124 S. Ct. 581 (2003). The AEDPA only provides habeas relief for a state prisoner in certain circumstances. *Id.* An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Id.* (*citing* 28 U.S.C. § 2254(d) (2001)).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Id.* Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

## VI. ANALYSIS

Respondent concurs that Petitioner's Petition is not barred by the AEDPA statute of limitations

period. However, Petitioner failed to present all of his constitutional claims to the highest court in the state and to all of the appropriate state courts prior to that. Consequently, his grounds for relief are procedurally defaulted.

Petitioner argues that his claims were presented to the state court in a timely filed application for reopening on direct appeal and that the claims presented to the Ohio Court of Appeals are not barred from habeas review. During the pendency of this case, Petitioner filed a request for the status of his case.

**1.     PROCEDURAL DEFAULT STANDARD.**

A petitioner seeking a writ of habeas corpus must meet certain procedural requirements to permit review of his habeas claims by a federal court. *Murphy v. Ohio,* 551 F.3d 485, 501 (6th Cir. 2009) *cert. denied*, 2009 WL 2043543 (2009) (*See Smith v. Ohio Department of Rehabilitation & Corrections*, 463 F.3d 426, 431 (6th Cir. 2006)). The petitioner must first exhaust the remedies available in state court by fairly presenting his federal claims before the state court; the federal court will not review unexhausted claims. *Id.* (*citing Deitz v. Money,* 391 F.3d 804, 808 (6th Cir.2004); *Lott v. Coyle,* 261 F.3d 594, 601 (6th Cir. 2001) *cert. denied*, 122 S. Ct. 1106 (2002)). The exhaustion "requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Id.* (*citing Lott,* 261 F.3d at 608 (internal quotation marks and citation omitted)). A federal court will not review claims that were not entertained by the state court due to either the petitioner's failure to raise those claims in the state courts while state remedies were available or the petitioner's failure to comply with a state procedural rule, thereby preventing the state courts from reaching the merits of the claims. *Id.* (*citing Lundgren v. Mitchell,* 440 F.3d 754, 763 (6th Cir. 2006) (*citing Seymour,* 224 F.3d at 549-50)).

For noncompliance with a state procedural rule to serve as a bar to habeas review, the state

procedure must satisfy the standards set forth in *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986). *Id.* (*see Smith*, *supra*, 463 F.3d at 431). First, there must be a state procedural rule in place that the petitioner failed to follow. *Id*. (*citing Maupin,* 785 F.2d at 138). Second, the state court must have actually denied consideration of the petitioner's claim on the ground of the state procedural default. *Id.* at 501-502. Third, the state procedural rule must be an "adequate and independent state ground to preclude habeas review." *Id.* If these three factors are satisfied, the petitioner can overcome the procedural default by either demonstrating cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* (*citing Coleman v. Thompson,* 111 S.Ct. 2546, 2555 (1991)).

"Cause" is a legitimate excuse for the default. *Magby v. Wawrzaszek,* 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied,* 109 S. Ct. 2070 (1989). "Prejudice" is actual harm resulting from the alleged constitutional violation. *Id.*

**2.    PETITIONER'S FIRST CLAIM.**

In his first claim, Petitioner asserts that the trial court committed prejudicial error in finding him guilty of rape and kidnaping. The convictions were against the manifest weight of the evidence. This claim was advanced in the direct appeal but not presented to the highest court in the state.

In this case, the first element is satisfied because Petitioner failed to comply with the applicable procedural rules of the OHIO SUPREME COURT PRACTICE RULES which sets forth procedural requirements for perfecting an appeal within forty-five days of the entry of judgment from which he or she is appealing. If a party fails to file a timely appeal with the Ohio Supreme Court, he or she may file a motion for delayed appeal under OHIO S. CT. PRAC. R. II, § 2(A)(4)(a). Petitioner failed to perfect a timely appeal or preserve this issue in a motion for delayed appeal.

Clearly the second prong of the *Maupin* test is met because Petitioner failed to comply with the applicable procedural rules of the Ohio Supreme Court.  The second prong is also met because the Supreme Court enforced the procedural bar, rejecting Petitioner's submission as it did not comply with the procedure (Docket No. 12, Exhibit 1-F).

In applying the third *Maupin* factor, the doctrine of res judicata employed by the State of Ohio in denying the claims is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim.  The Ohio Supreme Court's denial of Petitioner's motion for delayed appeal is also an adequate and independent ground upon which the state can rely to bar review as the motion was denied on procedural grounds.

Under the "cause" prong, Petitioner contends that the Supreme Court's failure to accept his documents for filing, despite his persistence, and his appellate counsel's failure to present all issues on appeal, constitutes cause to review his claim.  The rules are clear under OHIO S. CT. PRAC. R. II § 2(A)(1)(b).  The clerk of the supreme court will refuse to file a notice of appeal that fails to comply with the procedural requirements. Petitioner failed to follow the procedural requirements. The Supreme Court legitimately refused to excuse Petitioner's failure to follow the rules.  This failure does not constitute cause sufficient to warrant review.

The Magistrate is not persuaded that appellate counsel did not communicate with Petitioner regarding this right to appeal to the Ohio Supreme Court.  On the forty-fourth day after the appeals court concluded its review, Petitioner filed a motion to vacate and set aside judgment/memorandum in support of jurisdiction in the Ohio Supreme Court.  Clearly, Petitioner was attempting to perfect an appeal in a timely manner.  Although the Ohio Supreme Court filed the motion, it was returned because the motion was procedurally and substantively defective.  There is a lack of reasonable probability that counsel

9

failed to notify Petitioner of his right to appeal or the time within which to perfect an appeal in the Ohio Supreme Court.

Petitioner failed to present an argument sufficient to overcome the procedural default by either demonstrating either cause for the default and actual prejudice as a result of the alleged violation of federal law, or failure to consider the claims resulting in a fundamental miscarriage of justice.  Since Petitioner was unsuccessful in demonstrating cause for the default, the Magistrate does not address whether Petitioner was "actually prejudiced" as a result of the alleged violation of federal law.

**2.    PETITIONER'S SECOND CLAIM.**

Petitioner also asserted that the convictions of kidnaping and rape were not supported by sufficient evidence.  The "lack of sufficient evidence" claim was presented in the direct appeal.  The "lack of sufficient evidence" claim was abandoned and not presented to the highest court in the state.

The first element of the *Maupin* test is satisfied because Petitioner failed to comply with the applicable procedural rules.  If a party fails to file a timely appeal with the Ohio Supreme Court, he or she may file a motion for delayed appeal under OHIO S. CT. PRAC. R. II § 2(A)(4)(a).  The Rule requires that the appellant follow particular procedures before the Ohio Supreme Court will accept the motion for delayed appeal.  On December 26, 2007, the Ohio Supreme Court denied Petitioner's motion for delayed appeal in this case.  Petitioner did not advance the argument that his rape and kidnaping convictions were not based on sufficient evidence.

The second prong of *Maupin* is met because Petitioner failed to comply with the applicable procedural rules of the Ohio Supreme Court.  The third *Maupin* factor is also met as the Ohio Supreme Court's denial of Petitioner's motion for delayed appeal was an adequate and independent ground upon which the state relied to bar Petitioner's claim.

Applying the same excuses for failing to appeal to the highest court, Petitioner's allegation that his counsel did not advise him to file the memorandum is not a sufficient cause for default. Petitioner proffered a memorandum in support of jurisdiction to the Ohio Supreme Court in timely manner. The Magistrate does not address whether Petitioner was actually prejudiced since Petitioner failed to demonstrate a legitimate cause for the default. Similarly, Petitioner did not argue that failure to consider this claim will result in a fundamental miscarriage of justice.

### 3.   PETITIONER'S THIRD CLAIM

Petitioner contends that his claim of ineffective assistance of counsel was fairly presented in his Rule 26 claim to the Ohio Supreme Court. Because Petitioner raised the claim of ineffective assistance of counsel in the motion for post-conviction relief in the trial court but failed to seek further action in the appellate or supreme courts, the first and second *Maupin* factors are met. The third *Maupin* factor is met because of Ohio's doctrine of res judicata is a procedural bar regularly applied by Ohio courts. *Jacobs v. Mohr*, 265 F. 3d 407, 417 (6th Cir. 2001).

Petitioner failed to provide an excuse for his failure to appeal the dismissal of his claim. In reviewing the pleadings, the Magistrate cannot find cause for Petitioner's failure to appeal the issue of the trial counsel's performance at trial to a higher court. Since the Magistrate cannot find cause for Petitioner's decision not to appeal the issue of trial counsel's performance at trial, no discussion of whether Petitioner was actually prejudiced follows. Likewise, Petitioner did not present sufficient argument or probative evidence that failure to consider this claim will result in a fundamental miscarriage of justice.

### 4.   PETITIONER'S FOURTH CLAIM.

In his final claim, Petitioner submits that the trial court committed plain error when it failed to

merge the kidnaping and rape convictions. Respondent recognizes that this argument concerns constitutional double jeopardy issues under the Fifth Amendment, and will accept this ground for relief as fairly presented.

Ohio's sentencing statute on multiple counts, codified at OHIO REV. CODE §2941.25, provides:

> Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

In this case, Petitioner was indicted and found guilty of eight offenses. The finding of guilty on the charge of kidnaping no longer existed as it became part of the rape offense for sentencing purposes. There is no obvious defect in the trial court's merger of offenses for sentencing. Petitioner's claim that the trial court failed to merge the kidnaping and rape offenses lacks merit.

## VII. CONCLUSION

In view of the foregoing, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus and terminate the referral to the Magistrate Judge.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Dated: November 13, 2009

## VIII. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed.

Please be advised that, pursuant to rule 72.3(b) of the local rules for this district, the parties have ten (10) days after being served in which to file objections to said report and recommendation. A party desiring to respond to an objection must do so within ten (10) days after the objection has been served.

Please be further advised that the sixth circuit court of appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.