IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Niles Scott, | Case No. 1:08 CV 2445 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Tim Brunsman, | |
| Respondent. | |

**INTRODUCTION**

*Pro se* Petitioner Niles Scott, a prisoner in state custody, filed a Petition for Writ of Habeas Corpus (Doc. No. 1). This Court has jurisdiction under 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") Petitioner alleges his detention violates the Sixth and Fourteenth Amendments of the U.S. Constitution.

The case was referred to United States Magistrate Judge Vernelis Armstrong for a Report and Recommendation (R&R) pursuant to Local Rule 72.2(b)(2). The Magistrate Judge recommended the Court deny the Petition because Petitioner procedurally defaulted his claims (Doc. No. 13).

Petitioner filed an Objection (Doc. No. 17) to the Magistrate's denial. In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has

made a *de novo* determination of the Magistrate's findings and adopts the recommendation to deny the Petition.

## BACKGROUND

This Court finds the R&R's factual and procedural background to be accurate and adopts that portion of the R&R in its entirety (Doc No. 13, pp. 2-5). Briefly, on January 17, 2006, Petitioner was convicted of four counts of rape and four counts of kidnapping by a jury in the Cuyahoga County (Ohio) Court of Common Pleas. At Petitioner's March 2006 sentencing, the four kidnapping counts were merged into the four rape counts, and Petitioner was sentenced to consecutive life sentences on each of the four counts. Petitioner's conviction and sentence were affirmed on May 14, 2007 by the Ohio court of appeals, and his *pro se* motion for reconsideration was denied.

On May 21, 2007, Petitioner filed a *pro se* motion to vacate or set aside sentence with the court of common pleas, which denied the motion. Petitioner filed a motion for delayed appeal in the Ohio Supreme Court on November 12, 2007, which was denied on December 26, 2007 (Doc. No. 9-1, p. 253). Finally, Petitioner filed a motion for new trial on January 16, 2008; that motion was denied as untimely by the court of common pleas on January 25, 2008.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d)(1), a federal court may grant habeas relief only if a state court arrives at a conclusion that is "contrary to" or an "unreasonable application of" clearly established federal law. *See Williams v. Taylor*, 529 U.S. 362 (2000). Under the "contrary to" prong, a habeas relief is warranted if the state court arrives at a conclusion opposite that reached by the U.S. Supreme Court on a question of law, or if the state court decides a case differently than the U.S. Supreme Court has on a set of materially indistinguishably facts. *Id.* at 405-06. The "unreasonable application"

2

prong permits a federal habeas court to "grant the writ if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of a petitioner's case." *Id.* at 413; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

## DISCUSSION

Petitioner raises four grounds for relief in his Petition: (1) his convictions were against the manifest weight of the evidence; (2) his convictions were not supported by sufficient evidence; (3) ineffective assistance of trial counsel; and (4) the indictment should have merged the kidnapping and rape charges.

**Procedural Default**

All four of Petitioner's claims are procedurally defaulted. A petitioner may not raise a claim in a federal habeas proceeding if a failure to comply with a state procedural rule prevented him from raising that claim in state court. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A state procedural default will preclude habeas review when (1) the state procedural rule is applicable to the petitioner's claim and petitioner failed to comply with the rule; (2) the state actually enforced the procedural sanction; and (3) the state procedural forfeiture is an "adequate and independent" state ground on which to foreclose federal habeas review. *Id.* If these three elements are present, the petitioner must demonstrate both cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Id.* Alternatively, a showing of actual innocence -- based on new, reliable evidence -- will overcome procedural default and allow a federal habeas court to review a claim. *House v. Bell*, 547 U.S. 518, 536-37 (2006).

As an initial matter, Petitioner's grounds for relief are quite jumbled, and it is not clear that he raised all of them on direct appeal. But even assuming his current claims were raised in the state

court of appeals, there is no question he did not present them to the Ohio Supreme Court. Petitioner failed to comply with the applicable filing deadlines, and the Ohio Supreme Court denied Petitioner's motion for a delayed appeal. *See* Ohio Sup. Ct. R. 2.2(A)(1)(a) (allowing 45 days to appeal from a court of appeals decision). Failure to comply with the state supreme court's filing deadline satisfies the first three prongs of the *Maupin* test. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006) (citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)). Thus, the burden is on Petitioner to show both cause for the delay and actual prejudice.

"[C]ause [for procedural default] must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003) (citing *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). Petitioner argues that he submitted three appeals to the Ohio Supreme Court prior to the filing deadline of June 28, 2007, and that the court clerk acted unreasonably in rejecting his timely submissions for failure to comply with filing procedures. However, there is nothing in the record supporting Petitioner's contention that the clerk unreasonably rejected his materials; indeed, nothing in the record indicates he even attempted to submit an appeal to the Ohio Supreme Court prior to the deadline. Moreover, in his motion for delayed appeal, Petitioner gave a quite different reason for failing to file a timely appeal: he was "totally unaware" of his rights to appeal to the Ohio Supreme Court because his appellate counsel had failed to so advise him (Doc. No. 9-1, p. 232).[1] That rationale is inconsistent with Petitioner's current position that the clerk unreasonably rejected his filings.

Furthermore, Petitioner has not pointed to any new evidence showing his actual innocence that could serve as a gateway to his defaulted claims. *See House*, 547 U.S. at 536-37.

---

[1] Petitioner does not present an ineffective assistance of appellate counsel claim here, nor did he do so in the state courts.

4

**Evidentiary Hearing**

Petitioner also requests an evidentiary hearing. This Court agrees with the Magistrate that an evidentiary hearing is not required to resolve any of Petitioner's claims. As explained above, all of Petitioner's claims are procedurally defaulted. Accordingly, Petitioner's request for an evidentiary hearing is denied. *See Schriro v. Landrigan,* 550 U.S. 465, 474 (2007) (approving denial of an evidentiary hearing "on issues that can be resolved by reference to the state court record") (internal quotation omitted).

## CONCLUSION

For the reasons stated above, the Petition for Writ of Habeas Corpus is denied. Further, under 28 U.S.C. §§ 1915(a) and 2253(c), this Court certifies that an appeal of this action could not be taken in good faith and that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, this Court declines to issue a certificate of appealability.

In light of this ruling, Petitioner's Motion for Appointment of Counsel (Doc. No. 15) is denied as moot.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 11, 2010